United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 03-10714
Summary Calendar

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CHRIS ATWOOKI BAGUMA,**

**Defendant-Appellant.**

---

**Appeals from the United States District Court
for the Northern District of Texas
(3:03-CR-49-ALL-D)**

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

A jury convicted Chris Atwooki Baguma for willfully and falsely claiming United States citizenship, in violation of 18 U.S.C. § 911, and for willfully failing or refusing to apply for documents necessary to depart from the United States, in violation of 8 U.S.C. § 1253(a)(1)(B). Baguma claims the evidence was insufficient to prove that he acted willfully in either instance. The standard of review for an insufficient evidence claim is "whether, viewing all the evidence in the light most favorable to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt". *United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003). Such review does not include review of the weight of the evidence or of the credibility of the witnesses. *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993). Moreover, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt". *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (internal quotation and citation omitted). Viewing the evidence in the requisite light most favorable to the verdict, there is sufficient evidence for each conviction. *Villarreal*, 324 F.3d at 322.

A conviction for impersonating a United States citizen requires proof beyond a reasonable doubt that the defendant "falsely and willfully represent[ed] himself to be a citizen of the United States". 18 U.S.C. § 911. While he was appealing a deportation order, Baguma began employment in Texas. At trial, he testified that he accidently twice checked the box on his I-9 form stating he was a United States citizen. He claimed he gave his employer documentation verifying he was an alien with the right to work in the United States and theorized the employer's human resource personnel should have corrected the error on the form. Baguma's testimony is in direct conflict with the testimony of the

employer's representative, who stated that Baguma did not provide documentation that he was an alien. "A jury is free to choose among reasonable constructions of the evidence", and "it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses". *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (internal quotation and citations omitted), *cert. denied*, 534 U.S. 974 (2001). Presented with these conflicting accounts, a reasonable jury could have rejected Baguma's testimony as not credible and found that he willfully represented himself as a citizen on the two I-9 forms submitted to his employer.

A conviction under 8 U.S.C. § 1253(a)(1)(B) requires proof that the defendant was an alien subject to a final order of removal who willfully failed or refused to make an application for travel documents necessary for his departure. At trial, Baguma testified that he did not know that he would be violating the law by refusing to complete the application for travel documents to leave the United States and denied that the Immigration and Naturalization Service (INS) officers informed him that he could be prosecuted for that refusal. This testimony directly conflicts with that of the INS officers, who testified that they repeatedly informed Baguma that his refusal to cooperate in the application process was a criminal act that would be prosecuted. Given the testimony of the INS officers, a reasonable jury could have rejected Baguma's

3

testimony and found that he willfully refused to apply for documents necessary to depart from the United States. *Loe*, 262 F.3d at 432.

**AFFIRMED**