United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-10003

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADEKUNLE OLYUMUYIWA ADEYINKA,

Defendant-Appellant,

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Adekunle Adeyinka challenges the district court's exclusion of evidence regarding his reasons

for refusing to sign immigration documents and its denial of his requested jury instructions. He also

challenges the denial of a sentence reduction. For the following reasons, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

Adeyinka is a citizen of the United Kingdom but became a "legal permanent resident" of this

country following marriage to a U.S. citizen in 1984. After obtaining "legal permanent resident"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status, Adeyinka was twice convicted for credit card abuse, which is a crime of moral turpitude, in 1985 and 1989. He was ordered deported in 1990 by an immigration judge. While an appeal was pending, Adeyinka posted bond and disappeared. All his appeals were denied. In 2004 during a routine traffic stop, Adeyinka was arrested in Texas and turned over to immigration officials, who initiated removal. In order to be removed, an alien needs travel documents, which are obtained from the alien's home embassy. Adeyinka refused to provide basic information and to sign a passport application from the British embassy. The Immigration and Nationality Act ("INA") makes it a crime to refuse to assist in the acquisition of travel documents for the purpose of removal. Between July 2004 and January 2005, the government met with Adeyinka several times, encouraged him to sign the documents, advised him of his rights and duties under the INA, and warned him that he could face criminal prosecution. Adeyinka nevertheless refused to sign the documents, and the government commenced prosecution against him for "willfully" failing to make a timely application in "good faith for travel documents" necessary for deportation. 8 U.S.C. § 1253(a)(1)(B). During trial, the district court denied Adeyinka's attempt to introduce certain evidence regarding his decision not to sign the documents. After the evidentiary ruling, Adeyinka rested his case without putting forth a defense, preserving the issue for review, and was convicted. Adeyinka appeals both the district court's evidentiary ruling and its denials of his requested jury instructions and motion for a sentence reduction.

## II. STANDARD OF REVIEW

This court reviews a district court's exclusion of evidence and its refusal to give defense requested jury instructions for abuse of discretion. *United States v. Ragsdale*, 426 F.3d 765, 779 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1405 (2006). Any resulting error from the exclusion of evidence

2

is reviewed for harmlessness. *United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999). District court statutory interpretations are reviewed de novo. *Ragsdale,* 426 F.3d at 779. Because "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," acceptance of responsibility sentencing determinations are reviewed under a highly deferential clearly erroneous standard. *United States v. Fabregat*, 902 F.2d 331, 334 (5th Cir. 1990).

## III. DISCUSSION

### A.     Interpretation of the INA

Adeyinka argues that because of his remarriage to a U.S. citizen he had a nonfrivolous basis for staying within the country and that his actions to obstruct deportation were designed to allow him to present this nonfrivolous claim. Adeyinka does not deny knowingly violating the statute. His position is that he did so with a good faith motive on the advice of counsel.

Although the INA makes it illegal to refuse to cooperate in obtaining documents for removal, it specifically states that it is not a crime to take "any proper steps for the purpose of securing cancellation of or exception from such order of removal." 8 U.S.C. § 1253(a)(2). Additionally, in terms of timely acquiring documents, the statute only criminalizes those who fail to make timely application in "good faith." *Id*. at § 1253(a)(1)(B).

Despite Adeyinka's arguments to the contrary, there are no good faith exceptions for knowingly violating the statute in question. To be clear, reliance on counsel is an affirmative defense. *See United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002). As a defense, however, reliance on counsel is only relevant to establishing whether a person knows his or her actions are illegal. Presumably, if a lawyer instructs a client that a specific course of action is legal, evidence of such instruction is relevant when determining whether the client willfully violated the law. This was

3

precisely the situation in *United States v. Baguma*, 112 Fed. Appx. 322, 323-24 (5th Cir. 2004), an unpublished decision Adeyinka relies on to no avail. In *Baguma*, the defendant was also charged under § 1253, but unlike Adeyinka, Baguma argued that he did not know his actions were a violation of the statute. *Id*. Here, there is no question that Adeyinka knew his actions were illegal. Evidence regarding his legal strategy, claims against removal, and "good motive" was properly excluded as irrelevant. He knowingly, without question, violated the statute.

Adeyinka cannot rest on a good faith exception. The statute's good faith exception does not apply to those who willfully and knowingly violate its terms. The good faith language simply applies to those who try to comply with the statute in "good faith" but nevertheless fail to obtain documents in a timely manner. Irrespective of any advice he received regarding legal tactics and strategy, Adeyinka's willful and repeated refusal to sign the documents while knowing his actions were a violation of the statute cannot be characterized as good faith attempts to comply.

Adeyinka also argues that because his failure to sign the documents was motivated by a desire to present nonfrivolous claims to immigration officials, his actions fall within the "proper steps" exception to the statute. This exception is intended to prevent the government from prosecuting an alien who challenges deportation. This exception does not apply to Adeyinka because by refusing to sign the documents, Adeyinka was not challenging his deportation. He simply refused to sign the documents. If, for example, the government had accused Adeyinka of not cooperating because he sought to cancel the order of removal in court, obtain an exemption or seek a release, his argument would stand on a much firmer ground.

Adeyinka also argues that the willfulness/good faith language in the statute requires bad intent or motive and since he was relying on advice of his counsel not to sign the documents, he lacks bad

motive. The only case he relies on for this proposition, *United States v. Ragsdale*, 426 F.3d 765 (5th Cir. 2005), is distinguishable and not helpful. Contrary to Adeyinka's argument, *Ragsdale* does not rest on a distinction between general and specific intent crimes. "The advice of counsel defense is only applicable where it may negate willful violation of the law. Section 1461 does not require that the defendant have knowledge of the legal status of the materials, defendant need only know the character and nature of the materials." *Ragsdale*, 426 F.3d at 778 (citations omitted). Likewise in this case, advice of counsel jury instructions are not relevant because they do not negate the "willfulness" requirement of § 1253. Adeyinka knew his actions were a violation of the statute. It is irrelevant whether his decision not to sign the documents and violate the statute was related to a nonfrivolous claim or motivated by his attorney's advice. Thus, the district court did not abuse its discretion by excluding both the evidence and Adeyinka's requested jury instructions.

B.     Acceptance of Responsibility Sentence Reduction

Challenging factual guilt disqualifies defendants from seeking an acceptance of responsibility sentence reduction. There are a few exceptions for those defendants who do accept responsibility but go to trial on issues unrelated to factual guilt. U.S.S.G. § 3E1.1. Although Adeyinka readily admitted he refused to cooperate with immigration officials, he continued to challenge his factual guilt under the statute. Therefore, the district court's denial of a sentence reduction was not clearly erroneous. For instance, this court stated in *United States v. Brace*, 145 F.3d 247, 265 (5th Cir. 1998) (en banc), a case where defendant sought a sentence reduction after seeking to negate mens rea at trial that "although the defendant admitted committing the criminal acts, his assertion of entrapment was a denial of factual guilt, because it is a denial of subjective predisposition and, consequently, of the required element of mens rea." *Brace*, 145 F.3d at 265.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's exclusion of evidence regarding Adeyinka's mental state while he knowingly violated the statute, denial of his requested jury instructions, and denial of the motion for an acceptance of responsibility sentence reduction.

AFFIRMED.